IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DAVID ORNELLAS,

    Plaintiff,

vs.

DONALD SCHOMER, M.D., DAVID VAN SICKLE, M.D., BRYAN BAER, M.D., DONALD CONNER, M.D., and LITTLETON ADVENTIST HOSPITAL

    Defendants.

---

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

---

Plaintiff David Ornellas, by and through his attorneys, Coppola & Marlin, P.C., submits the following Complaint for Damages and Jury Demand and alleges the following:

## I.    JURISDICTION AND VENUE

1. This is a federal diversity claim filed pursuant to 28 U.S.C. § 1332.

2. David Ornellas has satisfied the jurisdictional prerequisite of 28 U.S.C. § 1332(a) and (a)(1) as the amount in controversy exceeds $75,000 and litigants are from different states.

3. Mr. Ornellas is a resident of the State of California.

4. Defendants are residents of the State of Colorado.

5. Venue is proper because the negligence of the defendants causing the injuries hereinafter alleged occurred in the State and District of Colorado.

## II.     GENERAL ALLEGATIONS

6.     David Ornellas is a resident of Orange County, California.

7.     On June 10, 2009, Mr. Ornellas presented to the emergency department at Littleton Adventist Hospital (LAH) after falling down stairs.

8.     On June 10, 2009, Mr. Ornellas complained of severe pain in his thoracic spine and weakness and paralysis of his lower extremities.

9.     On June 10, 2009, a CT of Mr. Ornellas' spine as read by Donald Schomer, M.D. showed no fractures and suspicious lucencies in several vertebral bodies.

10.    On June 10, 2009, Bryan Baer, M.D. noted that Mr. Ornellas could not get up due to intractable pain in the lower thoracic area.

11.    On June 10, 2009, Dr. Baer admitted Mr. Ornellas for intractable pain and recommended MRI if pain persisted.

12.    On June 11, 2009, Donald Conner, M.D. ordered an MRI of Mr. Ornellas' cervical and thoracic spine with and without contrast.

13.    On June 11, 2009, David Van Sickle, M.D. diagnosed an abnormality of Mr. Ornellas' spine at C5, T1 and T7 with lucencies possibly representing metastes versus osteoporosis versus acute fracture.

14.    On June 11, 2009, an MRI of Mr. Ornellas' spine was attempted but could not be performed due to Mr. Ornellas' body habitus.

15.    On June 11, 2009, Dr. Van Sickle recommended PET scan to evaluate for acute or subacute fracture.

16. The PET scan was not scheduled to occur until June 15, 2009.

17. From June 10, 2009 through June 14, 2009, Mr. Ornellas continued to experience intractable back pain.

18. At approximately 12:05 a.m. on June 14, 2009, Mr. Ornellas was distended, uncomfortable and unable to void.

19. At approximately 12:05 a.m. on June 14, 2009, Deborah Wall, R.N. scanned Mr. Ornellas' bladder and noted 900 mL of urine.

20. At approximately 12:05 a.m. on June 14, 2009, Nurse Wall replaced Mr. Ornellas' foley and noted Joshua Portnoy, M.D.'s recommendation for a urology consult in the morning.

21. At approximately 7:30 p.m. on June 15, 2009, Mr. Ornellas' pain was a 9 between his shoulder blades and bilateral shoulders.

22. At approximately 7:30 p.m. on June 15, 2009, Mr. Ornellas was yelling out in pain and diaphoretic.

23. At approximately 7:30 p.m. on June 15, 2009, May-Lee Cho, R.N. did not notify the attending physician of Mr. Ornellas' increased pain.

24. At approximately 8:00 p.m. on June 15, 2009, Mr. Ornellas' pain was a 9.5.

25. At approximately 8:00 p.m. on June 15, 2009, Mr. Ornellas was in extreme pain and yelling out.

26. At approximately 8:00 p.m. on June 15, 2009, Nurse Cho did not notify the attending physician of Mr. Ornellas' increased pain.

27. At approximately 8:05 p.m. on June 15, 2009, Mr. Ornellas was in extreme pain and yelling out.

28. At approximately 8:05 p.m. on June 15, 2009, Nurse Cho did not notify the attending physician of Mr. Ornellas' pain.

29. At approximately 8:10 p.m. on June 15, 2009, Mr. Ornellas was in extreme pain and yelling out.

30. At approximately 8:10 p.m. on June 15, 2009, Nurse Cho did not notify the attending physician of Mr. Ornellas' pain.

31. At approximately 9:10 p.m. on June 15, 2009, Nurse Cho first notified Frederick Wolfe, M.D. about Mr. Ornellas' extreme pain.

32. At approximately 9:25 p.m. on June 15, 2009, Mr. Ornellas was anxious, yelling out, thrashing in bed and complained of numbness to his right leg.

33. At approximately 9:25 p.m. on June 15, 2009, Nurse Cho did not notify the attending physician of Mr. Ornellas' right leg numbness.

34. At approximately 11:30 p.m. on June 15, 2009, Nurse Cho first notified Dr. Wolf about Mr. Ornellas' right weakness.

35. On June 16, 2009, Ben Guiot, M.D. ordered a CT Myelogram of Mr. Ornellas' spine.

36. On June 16, 2009, the CT Myelogram of Mr. Ornellas' spine showed a block at T3-4.

37. On June 16, 2009, Mr. Ornellas was diagnosed with an epidural hematoma.

38. On June 16, 2009, Mr. Ornellas underwent evacuation of the epidural hematoma at C7-T4 and laminectomies at C7, T1, T2, T3, and T4.

39. On June 25, 2009, Mr. Ornellas underwent C7-T4 fusion with pedicle screws including posterior instrumentation from C4 to C7.

### III.   FIRST CLAIM FOR RELIEF
### (Negligence – Donald Schomer, M.D.)

40. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. At all times relevant, Mr. Ornellas was under the care and treatment of Defendant Schomer.

42. With respect to his care and treatment of Mr. Ornellas, Defendant Schomer owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians within similar situations.

43. Defendant Schomer deviated from that standard and was negligent in his care and treatment of Mr. Ornellas including, but not limited to, the following:

   a. Failing to properly treat, diagnose, monitor and supervise the care and treatment of Mr. Ornellas;

   b. Failing to properly and timely diagnose Mr. Ornellas' spinal fractures and epidural hematoma;

   c. Failing to properly and timely recommend further imaging or diagnostic testing to evaluate Mr. Ornellas' injuries; and

   d. Failing to properly and timely consult with properly qualified physicians regarding Mr. Ornellas' injuries.

44. As a direct and proximate result of the negligence of Defendant Schomer Mr. Ornellas suffered permanent injuries to his spine and spinal cord resulting in permanent paralysis of his lower extremities. Mr. Ornellas has been or will be required to undergo additional medical and surgical procedures, has incurred expenses for therapy, medicines, durable medical equipment and other similar expenses and will continue to incur additional medical expenses indefinitely into the future. In addition, Mr. Ornellas has economic losses associated with transportation needs, attendant care, home modifications and life care issues. Mr. Ornellas has also suffered economic losses, including loss of income and impairment of earning capacity. Mr. Ornellas has sustained injuries that are permanently disfiguring and disabling and which impair his ability to lead a full, useful and normal life. Mr. Ornellas has suffered, and will continue to suffer, mental anguish, pain and suffering, loss of enjoyment of life and damages for permanent impairment and disfigurement.

### IV.   SECOND CLAIM FOR RELIEF
### (Negligence – David Van Sickle, M.D.)

45. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

46. At all times relevant, Mr. Ornellas was under the care and treatment of Defendant Van Sickle.

47. With respect to his care and treatment of Mr. Ornellas, Defendant Van Sickle owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians within similar situations.

48. Defendant Van Sickle deviated from that standard and was negligent in his care and treatment of Mr. Ornellas including, but not limited to, the following:

      a.     Failing to properly treat, diagnose, monitor and supervise the care and treatment of Mr. Ornellas;

      b.     Failing to properly and timely diagnose Mr. Ornellas' spinal fractures and epidural hematoma;

      c.     Failing to properly and timely obtain further imaging or diagnostic testing to evaluate Mr. Ornellas' injuries; and

      d.     Failing to properly and timely treat Mr. Ornellas' injuries.

49.     As a direct and proximate result of the negligence of Defendant Van Sickle, Mr. Ornellas suffered injuries, damages, and losses more fully described above.

## V. THIRD CLAIM FOR RELIEF
### (Negligence – Bryan Baer, M.D.)

50.     Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

51.     At all times relevant, Mr. Ornellas was under the care and treatment of Defendant Baer.

52.     With respect to his care and treatment of Mr. Ornellas, Defendant Baer owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians within similar situations.

53.     Defendant Baer deviated from that standard and was negligent in his care and treatment of Mr. Ornellas including, but not limited to, the following:

      a.     Failing to properly treat, diagnose, monitor and supervise the care and treatment of Mr. Ornellas;

      b.     Failing to properly and timely diagnose Mr. Ornellas' spinal fractures and epidural hematoma;

   c. Failing to properly and timely obtain further imaging or diagnostic testing to evaluate Mr. Ornellas' injuries;

   d. Failing to properly and timely treat Mr. Ornellas' injuries; and

   e. Failing to properly and timely consult with properly qualified physicians regarding Mr. Ornellas' injuries.

54. As a direct and proximate result of the negligence of Defendant Baer, Mr. Ornellas suffered injuries, damages, and losses more fully described above.

## VI. FOURTH CLAIM FOR RELIEF
### (Negligence – Donald Conner, M.D.)

55. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

56. At all times relevant, Mr. Ornellas was under the care and treatment of Defendant Conner.

57. With respect to his care and treatment of Mr. Ornellas, Defendant Conner owed a duty to exercise that degree of care, skill, caution, diligence and foresight exercised by and expected of physicians within similar situations.

58. Defendant Conner deviated from that standard and was negligent in his care and treatment of Mr. Ornellas including, but not limited to, the following:

   a. Failing to properly treat, diagnose, monitor and supervise the care and treatment of Mr. Ornellas;

   b. Failing to properly and timely diagnose Mr. Ornellas' spinal fractures and epidural hematoma;

   c. Failing to properly and timely obtain further imaging or diagnostic testing to evaluate Mr. Ornellas' injuries;

   d. Failing to properly and timely treat Mr. Ornellas' injuries; and

   e. Failing to properly and timely consult with properly qualified physicians regarding Mr. Ornellas' injuries.

59. As a direct and proximate result of the negligence of Defendant Conner, Mr. Ornellas suffered injuries, damages, and losses more fully described above.

## VII. FIFTH CLAIM FOR RELIEF
### (*Respondeat Superior* – Littleton Adventist Hospital)

60. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

61. At all times relevant and upon information and belief, Deborah Wall, R.N. and May-Lee Cho, R.N. were officers, agents, shareholders, employees or partners of LAH, acting within the course and scope of their employment or within their authority as agents of LAH.

62. LAH is responsible for the acts and omission of its agents, employees, officers, directors, shareholders and/or partners, including, but not limited to, Deborah Wall, R.N. and May Lee Cho, R.N.

63. While Mr. Ornellas was a patient at LAH, LAH, acting by and through its agents, employees, officers or directors, was negligent in its care and treatment of Mr. Ornellas, including, but not limited to, the following:

   a. Failing to properly and timely obtain an MRI or other imaging of Mr. Ornellas' spine to evaluate his injuries;

   b. Failing to properly and timely obtain a urology consult as ordered by Joshua Portnoy, M.D. to evaluate Mr. Ornellas' inability to void;

      c.      Failing to properly and timely report Mr. Ornellas' increased pain and paresthesia to his attending physicians; and

      d.      Failing to properly and timely evaluate and assess Mr. Ornellas for neurological deficits, musculoskeletal parameters and pain.

64. As a direct and proximate result of the negligence of LAH, Mr. Ornellas suffered injuries, damages, and losses more fully described above.

**WHEREFORE,** Plaintiff David Ornellas prays for judgment in his favor and against Defendant as follows:

    a.    For compensatory damages in an amount to be proven at trial;

    b.    For pre-judgment and post-judgment interest as provided by law;

    c.    For Plaintiffs' costs of suit herein; and

    d.    For such other and further relief as this Court deems appropriate.

### PLAINTIFF REQUESTS A TRIAL TO A JURY.

Respectfully submitted this 8th day of June, 2011.

COPPOLA & MARLIN, P.C.

By: *s/ Frank W. Coppola*
_____
Frank W. Coppola
William C. Marlin
Michael T. Leinz

Coppola & Marlin, P.C.
3010 East 6th Avenue
Denver, Colorado 80206
(303) 573-7777
(303) 825-3950 – fax

FWC@CoppolaMarlin.com
Bill@CoppolaMarlin.com
Michael@CoppolaMarlin.com

Address of Plaintiff:

David Ornellas
7486 Iroquis Drive
Buena Park, California 90620